IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDGUIN ROLADNO NAVARRETE
BONILLA,

        Petitioner,

    v.

KURT WOLFORD, *et al.*

        Respondents.

3:26-CV-00531-CCW

## **ORDER**

Before the Court is Petitioner's Motion to Enforce this Court's April 6, 2026 Order, ECF No. 10. ECF No. 16. Petitioner is a noncitizen detained at Cambria Country Prison. ECF No. 1. In the Petition, Petitioner requested, *inter alia*, an individualized bond hearing pursuant to 8 U.S.C. § 1226. *Id*. On April 6, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226, and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge ("IJ") within seven days. ECF No. 10. On April 10, 2026, Petitioner received a bond hearing before an IJ, who determined that Petitioner was a danger to the community and a flight risk and denied bond. ECF Nos. 11, 16-1.

On April 21, 2026, Petitioner filed the instant Motion to Enforce the April 6, 2026 Order. ECF No. 16.[1] Petitioner argues the April 10, 2026 bond hearing violated his Fifth Amendment due process rights because: (1) the IJ improperly placed the burden on Petitioner to demonstrate that he did not pose a danger to the community or a flight risk; (2) the IJ found that Petitioner

---

[1] Petitioner filed an initial motion to Enforce the April 6, 2026 Order on April 16, 2026. ECF No. 13. On April 21, 2022, the Court denied Petitioner's first motion to enforce without prejudice in light of Petitioner's failure to provide a recording or transcript of the bond hearing. ECF No. 15.

posed a danger to the community based on a June 10, 2024 arrest that did not result in charges or a conviction, and refused to hear testimony from Petitioner's wife regarding the arrest;  (3) the IJ discounted the likelihood Petitioner would prevail in his removal proceeding without meaningful analysis of the same;  and (4) the IJ failed to consider alternatives to detention that could mitigate his concern regarding flight risk.  ECF No. 16 at 5–7.  In response to Petitioner's Motion to Enforce, Respondents argue that Petitioner's "disagree[ment] with the Immigration Judge's conclusion that he posed a danger to the community and a flight risk . . . is not enough to render the bond hearing unconstitutional" and that Petitioner's arguments are properly raised to the BIA. ECF No. 18 at 6.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").  The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present:  (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee;  (2) the detainee is allowed to make arguments on his or her behalf;  and (3) the IJ makes an individualized determination of the detainee's interests.  *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*,

784 F. App'x at 78.  Accordingly, this Court's review of the April 10, 2026 bond hearings is limited to considering whether the hearings were fundamentally fair under *Ghanem.*

After reviewing the transcript of the April 10, 2026 hearing, ECF No. 16-1, the Court concludes that the hearing was fundamentally fair.  First, the IJ's factfinding was based on a record produced before the IJ and disclosed to Petitioner.  *See* ECF No. 16-1 at 1 (IJ admitting evidence submitted by DHS and Petitioner at outset of the hearing).  Second, the IJ gave Petitioner's counsel the opportunity to present arguments regarding danger to the community and flight risk.  *Id*. at  2–4.  Finally, the IJ made an individualized determination of Petitioner's interests, ultimately determining that Petitioner failed to demonstrate that he does not a pose a danger to the community and failed to establish that he does not pose a flight risk.  *Id.* at 5–6.  Thus, the April 10, 2026 bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce the Court's April 6, 2026 Order, ECF No. 16, IS DENIED.

DATED this 28th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record